**17 So.2d 329**

**Succession of GERBER.**

No. 36982.

Feb. 7, 1944.

Rehearing Denied March 13, 1944.

F. Rivers Richardson, of New Orleans, for appellant.

Marian Mayer, of New Orleans, for appellee.

HAMITER, Justice.

In the course of her administering this succession, the duly qualified testamentary executrix, Mrs. Brunette Lob Waller, petitioned for authority to sell at private sale, pursuant to the provisions of Act 290 of 1938, one of the parcels of immovable property belonging to decedent's estate. The application, published in the manner prescribed for judicial advertisements, was opposed on several grounds by Mrs. Anna Pier Robin in the capacity of natural tutrix for the minor Anna Virginia Lob, a daughter of decedent's predeceased son.

The district court, following a trial, dismissed the opposition, and it approved the application for the property's private sale. From the judgment opponent is appealing.

Act 290 of 1938, in so far as it is pertinent here, reads as follows:

"Section 1. Be it enacted by the Legislature of Louisiana, That, whenever it shall appear to the executors or administrators of any succession or estate of a deceased person to be to the manifest advantage of the succession or estate, its creditors or heirs, to sell any movable or immovable property at private sale, in whole, in part, or in indivision, for cash, in order to pay debts or legacies, or both, or for any other purpose, the executor or administrator may, although not obliged so to do, file a petition in the district court having jurisdiction of the succession proceedings, setting forth a full description of the property to be sold, the price and conditions of the proposed private sale, and the reasons which make it advantageous to the succession, heirs or creditors to dispose of the property.

"Section 2. In any sale of succession assets under the provisions of this Act, there shall be no priority as between movable and immovable property, provided, however, that the administrator or executor shall set forth his reasons if he recommends the private sale of immovable property before the movable property has been exhausted.

"Section 3. That, whenever such petition shall be received by the court, the judge thereof shall order that due notice be given by publication, in the manner prescribed for judicial advertisements, of said application to sell movable or immovable property, or both, at private sale, and said notice shall require all those whom it may concern, including the heirs, to make opposition, if any they have, to such course, within ten days, including Sundays and holidays, from the day whereon the last publication appears. * * *"

The testamentary executrix, in her petition, alleges:

"The succession herein has received an offer to purchase the following property, which forms part of the assets of this succession, at private sale for the sum of Four Thousand ($4,000.00) Dollars, cash, and one-half of the cost of the necessary certificates and revenue stamps and a prorata share of the taxes.

"A certain lot or portion of ground, together with the all the buildings and improvements thereon, and all the rights, ways, privileges, servitudes, advantages and appurtenances thereunto belonging or situated in the Fourth District of this city, designated as the No. 19, in the square bounded by Constance (Late Live Oak), Third, Magazine and Second Streets, on a plan drawn by W. T. Thompson, Surveyor, on May 22, 1841, and deposited among the records of L. T. Cairemlat, Notary, which lots measure 30' front on Second Street by a depth of 125' between parallel lines."

She further avers that "the cash funds of the succession are insufficient to pay the debts thereof and the value of the movables owned by the succession is insufficient to warrant the sale thereof to obtain cash funds with which to pay the debts of the succession;" and that "petitioner believes that a private sale of said property at the price offered, to pay the debts of the succession, will be to the manifest advantages of the succession, the creditors and the heirs * * *."

[1] In opposing the granting of the desired authority, the natural tutrix shows that no list of debts was attached to the application. If the furnishing of such a list be necessary under the provisions of the act, the requirement has been fully satisfied; a list of the succession debts was filed in the proceeding shortly after the opposition was urged.

█ Further she argues that the immovables cannot be sold until after the movables have been disposed of. In the application it is shown that a sale of the movables will not provide sufficient funds with which to pay the succession debts. They are valued at only $257.50, whereas the debts amount to some $2,300. Under these circumstances, according to the above quoted Section 2 of the statute, immovable property may be sold before the movable property has been exhausted.

█ Also without merit is the complaint that the petition fails to name the prospective purchaser, and that his agreement to purchase is not annexed to the application. We find no requirement of that nature in the law.

█ Directing our attention to Section 3 of the Act, opponent says that it requires not only an advertisement of the application for thirty days, as was done by the executrix, but in addition thereto a separate ten days' published notice to the heirs and other parties interested. The statute, as we appreciate it, does not so provide; only one notice is thereby contemplated, it to be given by publication in the manner prescribed for judicial advertisement (thirty days for real estate), and oppositions are to be filed within ten days from the day whereon the last publication of that notice appears.

[5] There is no proof in the record to sustain the other two objections urged by opponent. One of these is that the lot for which the offer was made cannot be sold without causing great disadvantage to the minor's interest in the adjoining lot 20; the other objection is that the principal debt of the succession is represented by a prescribed promissory note which, under the law, the executrix has no right to acknowledge or pay.

We find no error in the judgment appealed from, and it is affirmed.